UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NATIONAL ASSOCIATION OF CONVENIENCE STORES,

NEW YORK ASSOCIATION OF CONVENIENCE STORES,

FOOD MARKETING INSTITUTE, and

RESTAURANT LAW CENTER,

Plaintiffs,

—against—

NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE,

NEW YORK CITY BOARD OF HEALTH,

DR. MARY TRAVIS BASSETT, in her official capacity as Commissioner of the New York City Department of Health and Mental Hygiene,

NEW YORK CITY DEPARTMENT OF CONSUMER AFFAIRS, and

LORELEI SALAS, in her official capacity as Commissioner of the New York City Department of Consumer Affairs,

Defendants.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/25/17

17 Civ. 5324

## STIPULATION

WHEREAS, in July 2017, the plaintiffs National Association of Convenience Stores, New York Association of Convenience Stores, Food Marketing Institute and the Restaurant Law Center (on behalf of the National Restaurant Association and its affiliate, the New York State Restaurant Association) commenced this action and sought a preliminary injunction precluding the defendants New York City Department of Health and Mental Hygiene

("Department of Health") *et al.* from enforcing New York City Health Code Section 81.50 ("Section 81.50") until the compliance date established under federal menu labeling regulations ("the Final Rule"), May 7, 2018;

WHEREAS, in August 2017, the defendants opposed the preliminary injunction motion and cross-moved to dismiss the complaint on the grounds that Section 81.50 is not preempted;

WHEREAS, in August 2017 the FDA submitted a Statement of Interest in this action, and during the August 16, 2017 appearance before the Court stated that the compliance date for the Final Rule is May 7, 2018;

WHEREAS, on August 25, 2017, FDA Commissioner Scott Gottlieb announced via press release that the FDA "will provide additional, practical guidance on the menu labeling requirements by the end of this year" that "should allow covered establishments to implement the requirements by next year's compliance date."

In order to resolve the pending motions, the parties agree to the following terms.

1. Subject to the terms of this Stipulation, plaintiffs' motion for a preliminary injunction and defendants' cross-motion to dismiss are held in abeyance.

2. Until the federal compliance date, May 7, 2018, the plaintiffs agree that they will encourage their members: 1) that are Covered Establishments (as that term is defined in Section 81.50(a)(2)); 2) that are part of a chain with twenty or more locations nationally; and 3) that as of August 21, 2017 were complying with one or more of the provisions of Section 81.50, to continue to comply with those provisions, to the extent those provisions impose requirements that are identical to the requirements of Section 403(q)(5)(H) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 343(q)(5)(H)) and applicable FDA regulations.

3. The plaintiffs agree to continue to educate and encourage their members to continue the process of coming into compliance with Section 81.50 as soon as practicable to the extent that their members are not in compliance.

4. Until the federal compliance date, May 7, 2018, the defendants agree that they will not seek fines or any other sanctions available under the Health Code for non-compliance with Section 81.50 against the members of the plaintiffs' organizations that are part of a chain with twenty or more locations nationally. Nothing herein shall preclude the defendants from continuing to educate Covered Establishments about Section 81.50, and from enforcing Section 81.50 against Covered Establishments that are not members of the plaintiffs' organizations or against any Covered Establishments that are part of a chain with fewer than twenty locations nationally. Any educational action taken by the defendants prior to the federal compliance date, May 7, 2018, with respect to any member of plaintiffs' organizations shall not prejudice that member company in any later enforcement action taken with respect to non-compliance after the federal compliance date.

5. In the event that one or more members of the plaintiffs' organizations are not complying with any provision of Section 81.50, and such member was previously complying with such provision as of August 20, 2017, the parties agree to meet and confer in accordance with the provisions of paragraph 8 below. Defendants reserve the right to seek relief before this Court, in accordance with paragraph 8 below, in the event that a pattern (as determined by the Department of Health) of such non-compliance by members occurs, without cure after consultation.

6. On May 7, 2018, the Court will hear argument on defendants' cross-motion to dismiss the complaint. The defendants may submit a reply to the plaintiffs' opposition

to their cross-motion to dismiss, if any, on or before seven (7) days prior to the hearing date. Notwithstanding any other provision of this Stipulation, in the event that the FDA announces by rule, guidance, or otherwise, before May 7, 2018 that the compliance date of the Final Rule shall take effect after May 7, 2018, the parties shall meet and confer regarding the effect of that change, and either party may request that the Court hear argument on plaintiffs' motion for a preliminary injunction and defendants' cross-motion to dismiss on May 7, 2018 or within two weeks of the FDA announcement, whichever date is earlier, and the parties' agreements set forth in paragraphs 1-4 above shall expire on the date the Court hears argument.

7. Notwithstanding any other provision in this Stipulation, the parties agree that if the compliance date of the Final Rule takes effect on or prior to May 7, 2018, the Defendants may enforce all provisions of Section 81.50 that are identical to the Final Rule, without limitation, beginning on said compliance date, and this action will be dismissed with prejudice as of said compliance date.

8. Any disputes relating to this Stipulation shall be resolved in accordance with this paragraph. First, counsel for each party shall notify counsel for the other party in writing of any perceived non-compliance by either party. Second, unless otherwise agreed to by the parties, with respect to any particular dispute, the parties agree to meet and confer in good faith, within seven (7) days after a written notification of a dispute is raised by any of the parties, to discuss and try to resolve such dispute without the assistance of the Court. Third, if the parties are unable resolve the dispute in good faith, any party may, within seven (7) days of the final meet and confer, move this Court for a status conference to address the dispute and, if necessary, to hear any of the pending motions.

9. Nothing contained herein shall be deemed to be an admission by any of the parties herein of any wrongdoing or a concession of any legal of factual position taken by the opposing party. The plaintiffs maintain that the defendants' actions challenged in this case are preempted by federal law. The defendants, for themselves and their officers, employees, agents or representatives disclaim that they have in any manner or way acted inconsistently with the requirements of state or federal law or that any action undertaken by any of them is preempted by state or federal law.

10. This Stipulation and the rights and obligations of the parties hereto shall be governed by and construed and enforced in accordance with the substantive laws of the State of New York. The parties represent that they have each consulted with and have been advised by counsel of their own choosing in connection with this lawsuit and this Stipulation. The parties further acknowledge that each party and its counsel have reviewed, negotiated and revised this Stipulation, and that the language in all parts of this Stipulation shall be construed, in all cases, according to its fair meaning, and that any rule of construction to the effect that any ambiguities are to be resolved against the drafting party is inappropriate and shall not be employed in the interpretation of this Stipulation.

11. The Stipulation, including any exhibits referred to herein, sets forth the entire agreement and understanding among the parties with respect to the subject matter hereof, shall inure to the benefit of the parties and their respective successors and assigns, and merges and supersedes all such prior discussions, agreements and understandings among the parties.

12. The Stipulation may be executed in counterparts. Facsimile copies of signatures shall be deemed originals.

SO ORDERED: 25 August 2017

Victor Marrero, U.S.D.J.

Dated: New York, New York August 25, 2017

STEPTOE & JOHNSON LLP
By: Shannen W. Coffin
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 429-3000
Email: scoffin@steptoe.com

For the Plaintiffs National Association of Convenience Stores, New York Association of Convenience Stores, Food Marketing Institute, and Restaurant Law Center (On Behalf of the National Restaurant Association and Its New York Affiliate, the NY State Restaurant Association)

ZACHARY W. CARTER
Corporation Counsel of the City of New York
Attorney for Defendants
By: Mark W. Muschenheim
Assistant Corporation Counsel
100 Church Street
New York, NY 10007
Tel: (212) 356-2186
Email: mmuschen@law.nyc.gov